IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT



AMY CONNELLY

PLAINTIFF,

vs.

CITY OF ST. ALBANS, VERMONT;

GARY TAYLOR,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE FOR
THE CITY OF ST. ALBANS, VERMONT;

JASON LAWTON,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER FOR
THE CITY OF ST. ALBANS, VERMONT;

ZACHARY KOCH,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER FOR
THE CITY OF ST. ALBANS, VERMONT;

DEFENDANTS.

Civil Action No. 2:21-cv-291-CR

**JURY TRIAL DEMANDED**

## COMPLAINT FOR MONETARY DAMAGES AND DECLARATORY RELIEF

### I. JURISDICTION

1.	Jurisdiction of this court is attained pursuant to 28 U.S.C. § 1331, 1343(a), (3) and (4), and 2201 and is based on causes of action arising under 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed. 2d 619 (1971). Plaintiff further

1

invokes the pendent jurisdiction of the Court to hear and decide claims arising under Vermont state law.

## II. PARTIES

2.  Plaintiff AMY CONNELLY (hereinafter "CONNELLY") was at all times mentioned herein, a resident of the State of Vermont.

3.  Defendant CITY OF ST. ALBANS is a municipality within the State of Vermont, and owns, operates, manages, directs and controls the St. Albans Police Department which employs Defendants GARY TAYLOR (hereinafter "TAYLOR") and ZACHARY KOCH (hereinafter "KOCH").

4.  Defendant CITY OF ST. ALBANS is a municipality within the State of Vermont and owns, operates, manages, directs and controls the St. Albans Police Department which at all times relevant employed Defendant JASON LAWTON (hereinafter "LAWTON").

5.  Defendant LAWTON was at all times mentioned herein, an officer with the City of St. Albans Police Department and acting under color of state law. LAWTON participated in the events described below. He is being sued in his individual and official capacities.

6.  Defendant KOCH is, and was at all times mentioned herein, an officer with the City of St. Albans Police Department and acting under color of state law. KOCH participated in the events described below. He is being sued in his individual and official capacities.

7.  Defendant TAYLOR was at all times mentioned herein, the chief of police of the St. Albans Police Department and acting under color of state law. TAYLOR is ultimately responsible for the control, training, supervision and discipline of officers of the St. Albans Police Department. TAYLOR is being sued in his individual and official capacities.

## III. NATURE OF ACTION

8. This action is brought by CONNELLY to recover damages which she has suffered, and which she continues to suffer, and to declare unconstitutional, certain actions of Defendants, who are a municipality, its police department, local police officers and the chief of police. Defendants acting under color of state law have subjected CONNELLY to an illegal and unwarranted detention, to the unlawful, unreasonable and excessive use of force in effecting that detention, and failed to intervene to prevent the foregoing.

## IV. PLAINTIFF'S FIRST CAUSE OF ACTION

9. On March 14th, 2019 at approximately 7:55pm Plaintiff CONNELLY was arrested by KOCH and transported to the St. Albans Police Department for processing where she was placed in a holding cell while handcuffed.

10. While CONNELLY was in the holding cell she began to kick at the door and yell.

11. LAWTON was eating dinner in the next room and heard the noise, stopped eating, and went to the cell and opened the door.

12. CONNELLY, at this point, had stood up while still handcuffed. LAWTON instructed CONNELLY to sit down. CONNELLY replied "no."

13. LAWTON then shoved CONNELLY full force into the back of the holding cell, taking her off her feet and causing her head to make contact with the wall of the cell. CONNELLY then informed KOCH, who had followed LAWTON to the holding cell, that LAWTON's shove had injured her.

14. KOCH did not intervene or assess CONNELLY'S injuries.

15. LAWTON told CONNELLY to "Shut up."

16. CONNELLY stood again and appears to have raised her leg, LAWTON pushed CONNELLY backwards into the cell, grabbed her by the hair, pushing her head downwards and delivered a closed fist blow to CONNELLY'S face.

17. LAWTON then told CONNELY among other things "That was real stupid, real stupid ok?"

18. KOCH observed this entire interaction and did not intervene. Instead, LAWTON and KOCH, took the injured CONNELLY by her arms and threw her head first into the floor. CONNELLY was handcuffed throughout this entire interaction.

19. LAWTON and KOCH use of force was without cause or justification.

20. LAWTON's actions have resulted in his termination as a St. Albans Police Officer.

21. This is not the first time that LAWTON has been terminated by a Vermont Law Enforcement agency for misconduct while in uniform.

22. In 2012, LAWTON was terminated by the Shelburne Police Department for making false statements under oath. His false statements were widely reported in the news at the time. LAWTON was hired by TAYLOR and the CITY OF ST. ALBANS anyway.

23. On March 15, 2019, TAYLOR was informed of the incident involving CONNELLY and he posted a still picture of CONNELLY that was taken from an officer's body cam footage onto the St. Albans Police Department's Facebook page which was meant to embarrass and humiliate CONNELLY.

24. On November 14, 2019, the Vermont Attorney General filed a misdemeanor simple assault charge against LAWTON for his attack on CONNELLY.

25. CONNELLY continues to suffer injuries as a result of the battery of LAWTON and KOCH including ongoing pain and discomfort long after the incident passed.

26. Officers LAWTON and KOCH's intentional use of excessive force and physical brutality on CONNELLY constituted an illegal and unreasonable seizure of CONNELLY.

27. As a direct and proximate result of the actions of Defendants TAYLOR, LAWTON, KOCH, and the CITY OF ST. ALBANS, Plaintiff CONNELLY has suffered injuries and damages, including, but not limited to:

   a. Physical injury, treatment of which caused Plaintiff, CONNELLY to incur extensive medical and therapeutic fees and expenses, and associated incidental and consequential costs;

   b. Emotional trauma;

   c. Physical and mental pain and suffering;

   d. Disruption of normal body functioning;

   e. Humiliation and embarrassment;

28. Defendant, CITY OF ST. ALBANS, as a matter of policy and practice has, with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and the State of Vermont, failed to adequately discipline, train, or otherwise direct or supervise police officers concerning the rights of citizens and victims, thereby causing police, including Defendants LAWTON and KOCH to engage in the unlawful conduct described above.

29. Defendant, CITY OF ST. ALBANS, as a matter of policy and practice, has, with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and the State of Vermont, failed to properly sanction or discipline police officers,

including Defendants LAWTON and KOCH in this case, for violations of the constitutional rights of citizens and persons, thereby causing police, including Defendants LAWTON and KOCH, to engage in the unlawful conduct set forth herein.

30.     Defendant CITY OF ST. ALBANS, as a matter of policy and practice, has, with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and The State of Vermont, failed to properly screen potential police officers as part of its hiring process, including the Defendants, LAWTON and KOCH and TAYLOR thereby causing police, including the Defendants, LAWTON, KOCH and TAYLOR to engage in the unlawful conduct set forth herein.

31.     Defendant TAYLOR has, with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and the State of Vermont, failed to adequately control, train, supervise and discipline police officers under his command, including Defendants LAWTON and KOCH for violations of the constitutional rights of citizens and persons.

32.     As a direct and proximate result of Defendants, LAWTON and KOCH and TAYLOR and the CITY OF ST. ALBANS' actions, all of which were unreasonable, unnecessary, and excessive, and which were undertaken by Defendants with gross recklessness and callous indifference to Plaintiff CONNELLY'S protected constitutional rights, privileges and immunities secured to her by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983 and the laws of the State of Vermont.

   V.  PLAINTIFF'S SECOND CAUSE OF ACTION

33.     Plaintiff CONNELLY hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

34.  The actions of LAWTON in this matter constitute an assault on CONNELLY.

35.  The actions of KOCH in this matter constitute an assault on CONNELLY.

36.  This Court has pendent jurisdiction to hear and adjudicate said claims.

## VI. PLAINTIFF'S THIRD CAUSE OF ACTION

37.  CONNELLY hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

38.  The actions of Defendants LAWTON and KOCH in this matter constitute a battery against CONNELLY by causing unwanted physical contact with CONNELLY.

39.  This Court has pendent jurisdiction to hear and adjudicate said claims.

## VII. PLAINTIFF'S FOURTH CAUSE OF ACTION

40.  CONNELLY hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

41.  The actions of Defendants LAWTON and KOCH in striking CONNELLY in the face while handcuffed and throwing her head first into the floor, without cause or justification, constitutes intentional infliction of emotional distress.

42.  Defendants LAWTON and KOCH'S actions were intentional, extreme, and outrageous, and were the actual and proximate cause of severe emotional distress to CONNELLY.

43.  This Court has pendent jurisdiction to hear and adjudicate said claims.

## VIII PLAINTIFF'S FIFTH CAUSE OF ACTION

44.  CONNELLY hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

45.  The actions of Defendants LAWTON and KOCH in this case constitute gross negligence.

46. Defendants LAWTON and KOCH as police officers acting under color of state law, owed CONNELLY a duty of care as a citizen.

47. Defendants LAWTON and KOCH's acts were a gross deviation of the duty of care owed to CONNELLY and the actual and proximate cause of the damage suffered by CONNELLY.

48. This Court has pendent jurisdiction to hear and adjudicate said claims.

### IX. PLAINTIFF'S SIXTH CAUSE OF ACTION

49. CONNELLY hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

50. Defendants CITY OF ST. ALBANS and TAYLOR have negligently failed to screen, control, train, supervise and discipline police officers under their command, including LAWTON and KOCH regarding the constitutional rights of citizens and persons, thereby causing police officers, including LAWTON and KOCH to engage in the unlawful conduct complained of herein.

51. This Court has pendent jurisdiction to hear and adjudicate said claims.

### X. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. An order of this Court declaring the above actions of Defendants to be illegal and in violation of Plaintiff's constitutional, statutory and common law rights;

    d. Reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988 and other applicable authority;

e. Such other and further relief as appears reasonable, necessary, just and appropriate.

Dated at Brattleboro, Vermont, this 17th day of December, 2021.

Respectfully Submitted,
AMY CONNELLY

_Robt Spensley for Evan Chadwick_
EVAN CHADWICK, ESQ.
CHADWICK & SPENSLEY, PLLC
136 High Street
Brattleboro, VT 05301
(802) 257-7161
evan@chadwicklawvt.com