UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 FEB -6  PM 1:00

CLERK

BY_____
DEPUTY CLERK

AMY CONNELLY,                            )
Plaintiff                                )
                                         )
v.                                       )          Case No. 2:21-cv-00291
                                         )
CITY OF ST. ALBANS, VERMONT,             )
GARY TAYLOR, JASON LAWTON,               )
AND ZACHARY KOCH,                        )
Defendants.                              )

## ENTRY ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS FILED BY DEFENDANTS CITY OF ST. ALBANS AND GARY TAYLOR
(Doc. 33)

Plaintiff Amy Connelly brings this action against the City of St. Albans, Vermont

(the "City"); Gary Taylor, individually and in his official capacity as the City's Chief of

Police; and Jason Lawton and Zachary Koch, individually and in their official capacities

as police officers for the City (collectively, "Defendants"). Plaintiff alleges violations of

her constitutional rights under the Fourth, Fifth, and Fourteenth Amendments pursuant to

42 U.S.C. § 1983 and asserts state law tort claims arising from a physical altercation that

occurred on March 14, 2019 while she was detained at the City of St. Albans Police

Department.

Pending before the court is a motion for judgment on the pleadings (Doc. 33)

pursuant to Fed. R. Civ. P. 12(c), filed by Defendants City and Mr. Taylor (collectively,

the "moving Defendants") seeking dismissal of Plaintiff's § 1983 claims alleging

negligent failure to "screen, control, train, supervise[,] and discipline police officers

under" the moving Defendants' command. (Doc. 1 at 8, ¶ 50.)

On September 14, 2022, Plaintiff opposed the motion (Doc. 35) and the moving

Defendants replied on September 22, 2022 (Doc. 39), at which time the court took the

pending motion under advisement.

Plaintiff is represented by Evan Chadwick, Esq. The moving Defendants are represented by Michael J. Leddy, Esq. and Kevin J. Coyle, Esq.

## I.    Conclusions of Law and Analysis.

### A.    Standard of Review.

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed-- but early enough not to delay trial--a party may move for judgment on the pleadings." "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that [for granting] a Rule 12(b)(6) motion for failure to state a claim." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (alteration in original) (internal citations and quotation marks omitted) (quoting *Patel v. Contemp. Classics*, 259 F.3d 123, 126 (2d Cir. 2001)).

To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Elias v. Rolling Stone* LLC, 872 F.3d 97, 104 (2d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The sufficiency of a complaint under Rule 12(b)(6) is evaluated using a "two-pronged approach[.]" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 679). First, the court discounts legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678. The court is also "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* (internal citation omitted). Second, the court considers whether the factual allegations, taken as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. This second step is fact-bound and context-specific, requiring the court "to draw on its judicial experience and common sense." *Id.* The court does not "weigh the evidence" or "evaluate the likelihood" that a plaintiff's claims will prevail. *Christiansen v. Omnicom Grp., Inc.*, 852 F.3d 195, 201 (2d Cir. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

2

## B. Whether Defendants are Entitled to Judgment on the Pleadings.

The moving Defendants assert that they are entitled to judgment on the pleadings because the court granted Officer Michael Ferguson's motion for summary judgment on January 13, 2022 in a separate case, *see Connelly v. Ferguson*, 2022 WL 123800 (D. Vt. Jan. 13, 2022),[1] and entered judgment for Officer Ferguson on the same day. *See* Dkt. 2:20-cv-64 at Doc. 44 at 1 ("JUDGMENT is hereby entered for defendant Michael Ferguson, against plaintiff Amy Connelly."). The moving Defendants argue that this Order constituted an appealable final judgment on the merits in Plaintiff's case. As a result, they assert that the present lawsuit, initiated on December 17, 2021, is barred by res judicata as a matter of law.

Federal courts recognize two separate but related forms of preclusive effect:

Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.

*Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citations omitted). These doctrines "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* Res judicata is typically referred to as "claim preclusion" and collateral estoppel is typically referred to as "issue preclusion," but "[s]ome courts and commentators use 'res judicata' as generally meaning both forms of preclusion." *Id.* at 94 n.5. Both concepts of preclusion apply to § 1983 actions. *See generally id.* at 103-05.

---

[1] The court noted that "Plaintiff originally named the City of St. Albans, Vermont; Gary Taylor, individually and in his official capacity . . . ; and Jason Lawton and Zachary Koch, individually and in their official capacities . . . as Defendants. However, all Defendants other than Defendant Ferguson have since been dismissed from this action and are now Defendants in a separate case." *Connelly v. Ferguson*, 2022 WL 123800, at *1 n.1 (D. Vt. Jan. 13, 2022); *see also Connelly v. City of St. Albans, Vermont*, 2021 WL 5989021 (D. Vt. Dec. 16, 2021) (granting without prejudice the City's, Defendant Taylor's, Defendant Lawson's, and Defendant Koch's motion to dismiss for insufficient process and insufficient service of process).

"Res judicata bars re-litigation if '(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.'" *Soules v. Connecticut, Dep't of Emergency Servs. and Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018) (quoting *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). To assess the third element, courts evaluate whether the second suit "concerns 'the same claim—or nucleus of operative facts—as the first suit,'" *id.* (quoting *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 280 (2d Cir. 2008)), which "depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (quoting *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38 (2d Cir. 1992)).

"The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). Dismissal without prejudice does not generally constitute an adjudication on the merits for claim preclusion purposes. *See Oscar v. Alaska Dep't of Educ. and Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008) ("We have repeatedly held that 'a dismissal without prejudice is not a decision on the merits' for the purposes of res judicata."); *Satsky v. Paramount Comms. Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993) ("[D]ismissal without prejudice is a dismissal that does not operate as an adjudication upon the merits, and thus does not have a res judicata effect.") (internal citation, quotation marks, and alteration omitted). "[S]ummary judgment[,]" on the other hand, "constitutes an adjudication on the merits for the purposes of res judicata." *Flowers v. Conn. Light & Power Co.*, 2021 WL 5564085, at *1 (2d Cir. Nov. 29, 2021); *see also Smith v. City of New York*, 130 F. Supp. 3d 819, 828 (S.D.N.Y. 2015).

The court's January 13, 2022 Order adjudicated Plaintiff's claims against Officer Ferguson on the merits, however, its December 16, 2021 dismissal as to the remaining

4

Defendants was "without prejudice[.]" *Connelly v. City of St. Albans, Vermont*, 2021 WL 5989021, at *5 (D. Vt. Dec. 16, 2021). The latter dismissal was based on Plaintiff's insufficient process and service of process. *See id.* ("[D]ismissal is appropriate because Plaintiff failed to serve the moving defendants for over sixteen months despite entering into a stipulation stating she would do so and she has neither established good cause or exceptional circumstances.").

The moving Defendants argue that they are in privity with Officer Ferguson, barring Plaintiff from suing them after the court's January 13, 2022 Order. "[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion." *Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 322 (S.D.N.Y. 2015) (internal quotation marks omitted) (quoting *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2d Cir. 1995)). "The doctrine of privity is a 'functional inquiry,' not a 'formalistic' one, and must be applied 'with flexibility[.]'" *Cho v. Blackberry Ltd.*, 991 F.3d 155, 169 (2d Cir. 2021) (quoting *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995); *Amalgamated Sugar Co. v. NL Indus., Inc.*, 825 F.2d 634, 640 (2d Cir. 1987)).

"Government officials sued in their official capacities are generally considered to be in privity with the government entity that they serve." *Fabian v. Pappalardo*, 395 F. Supp. 3d 257, 264 (S.D.N.Y. 2019) (quoting *Smith*, 130 F. Supp. 3d at 828). "A government official sued in his or her personal capacity," however, "is not considered in privity with the government." *Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 421 (E.D.N.Y. 2021) (internal quotation marks omitted) (quoting *Johnson v. County of Nassau*, 480 F. Supp. 2d 581, 607 (E.D.N.Y. 2007)); *see also* 18A C. Wright & A. Miller, Federal Practice and Procedure § 4458 (3d ed. 1998) ("The relationships between a government and its officials justify preclusion only as to litigation undertaken in an official capacity. Thus a judgment against a government or one government official does

5

not bind a different official in a subsequent litigation that asserts a personal liability against the official[.]").

Officer Ferguson's motion for summary judgment was granted because he was not personally involved in the assault against Plaintiff:

> Defendant Ferguson was not present in or outside of the holding cell at the time Defendant Lawton pushed and struck Plaintiff. . . . He also played no role in taking her to the ground. . . . Defendant Ferguson was not present when Plaintiff moved quickly towards Defendant Lawton in the holding cell, nor did he observe Defendant Lawton push or strike Plaintiff. When Defendant Ferguson arrived outside of the holding cell, Defendant Koch was standing in the doorway and was between Defendant Ferguson and Plaintiff. Almost immediately, Defendants Lawton and Koch brought Plaintiff to the ground where she was restrained. Even if Defendants Lawton and Koch used excessive force in bringing Plaintiff to the ground, without knowing what preceded this action, Defendant Ferguson could not "reasonably have known that [Plaintiff's] constitutional rights were being violated." *Holland v. City of New York*, 197 F. Supp. 3d 529, 549 (S.D.N.Y. 2016) (citing *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997)).

*Ferguson*, 2022 WL 123800, at *7.

Plaintiff sued Officer Ferguson in his official and individual capacities. The facts supporting the court's grant of summary judgment in favor of Officer Ferguson were based on his lack of individual involvement in the alleged constitutional violation, not upon any relationship he has or had with other Defendants or their lack of culpability. Correspondingly, Officer Ferguson's lack of personal involvement was not part of the same transaction or occurrence as the moving Defendants' liability. To the contrary, the crux of the court's dismissal of him from this lawsuit was that he and his fellow defendants were *not* similarly situated because he *did not* participate in the same alleged acts and omissions. Precluding Plaintiff's suit against the moving Defendants based on their relationship with Officer Ferguson would constitute a "formalistic" approach as opposed to the "flexible" one adopted by the Second Circuit.

Finally, the moving Defendants acknowledge that Plaintiff's claims against them were dismissed for procedural reasons and not decided on the merits. In so ruling, the

court expressed an unequivocal intent to preserve Plaintiff's right to re-assert her claims in a then-pending separate lawsuit. (Doc. 42 at 7-8) (noting that a dismissal would not prejudice Plaintiff "as Plaintiff will not lose the ability to bring her claims if dismissal is granted."). No express reservation of claims was required where the court specifically ruled that its dismissal without prejudice was intended to preserve Plaintiff's right to re-assert her claims. *See Semtek*, 531 U.S. at 505-06.

## CONCLUSION

For the foregoing reasons, the court DENIES the moving Defendants' motion for judgment on the pleadings. (Doc. 33.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 6th day of February, 2023.

Christina Reiss, District Judge
United States District Court