UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 FEB 26  PM 4: 28

CLERK

BY ‾‾‾‾‾‾‾‾‾‾‾‾
DEPUTY CLERK

AMY CONNELLY,                                    )
                                                 )
Plaintiff,                                       )
                                                 )
            v.                                    )        Case No. 2:21-cv-00291
                                                 )
CITY OF ST. ALBANS, VERMONT;                     )
GARY TAYLOR, individually and in his             )
official capacity as Chief of Police for the City )
of St. Albans, Vermont; JASON LAWTON,            )
individually and in his official capacity as a   )
police officer for the City of St. Albans,       )
Vermont; and ZACHARY KOCH,                       )
individually and in his official capacity as a   )
police officer for the City of St. Albans,       )
Vermont,                                         )
                                                 )
Defendants.                                      )

## ENTRY ORDER GRANTING DEFENDANT
## CITY OF ST. ALBANS, VERMONT'S UNOPPOSED
## MOTION FOR PARTIAL SUMMARY JUDGMENT
(Doc. 62)

Plaintiff Amy Connelly brings this action against the City of St. Albans, Vermont (the "City"); Gary Taylor, individually and in his official capacity as the City's Chief of Police; and Jason Lawton and Zachary Koch, individually and in their official capacities as police officers for the City (collectively, "Defendants"). Plaintiff alleges violations of her constitutional rights under the Fourth, Fifth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and asserts state law tort claims arising from a physical altercation that occurred on March 14, 2019, while she was detained at the City of St. Albans Police Department.

Plaintiff seeks to recover compensatory and punitive damages against the City for its police officers' subjecting her to "an illegal and unwarranted detention, to the

unlawful, unreasonable and excessive use of force in effecting that detention, and
fail[ing] to intervene to prevent the foregoing." (Doc. 1 at 3, ¶ 8.) Against the City, she
brings a 42 U.S.C. § 1983 claim for violation of her "protected constitutional rights,
privileges and immunities secured to her by the Fourth, Fifth and Fourteenth
Amendments to the Unites States Constitution," *id.* at 6, ¶ 32, and a state law negligence
claim. Both claims arise out of the City's alleged failure to properly supervise, discipline,
and train its police officers and to adequately screen potential police officers during the
hiring process, leading to the physical altercation on March 14, 2019 and her alleged
physical and emotional injuries.

Pending before the court is the City's motion for partial summary judgment (Doc.
62) with regard to Plaintiff's Fifth Amendment claim brought under 42 U.S.C. § 1983,
state-law negligence claim, and request for punitive damages against the City. The court
took the motion under advisement on October 2, 2023, when Plaintiff failed to file a
response.

Plaintiff is represented by Evan B. Chadwick, Esq. The City is represented by
Michael J. Leddy, Esq.

I.      **Conclusions of Law and Analysis.**

        A.      **Standard of Review.**

Summary judgment is appropriate when "there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.
56(a). A "material" fact is one that "'might affect the outcome of the suit under the
governing law[,]'" *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015)
(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)), while "[a] dispute
of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict
for the nonmoving party.'" *Id.* at 39-40 (quoting *Anderson*, 477 U.S. at 248). On a motion
for summary judgment, the court "constru[es] the evidence in the light most favorable to
the nonmoving party and draw[s] all reasonable inferences in his favor." *McElwee v.
Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

If the evidence "presents a sufficient disagreement to require submission to a jury[,]" the court should deny summary judgment. *Anderson*, 477 U.S. at 251-52. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (internal quotation marks omitted).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has carried its burden, its opponent must produce "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "A non-moving party cannot avoid summary judgment simply by asserting a 'metaphysical doubt as to the material facts.'" *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

In adjudicating a motion for summary judgment, the district court's role "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) (citation omitted). Not all disputed issues of fact, however, preclude summary judgment. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Even though Plaintiff may be deemed to have abandoned her claims, *see Jackson v. Fed. Exp.*, 766 F.3d 189, 194-95 (2d Cir. 2014), summary judgment cannot be granted by default. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]"); *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) (finding error in the district court's grant of summary judgment "solely for failure to file opposing papers" without "assess[ing] whether the defendants

had met their burden to demonstrate that summary judgment was appropriate[]")
(footnote omitted).

### B.   Whether the Court Should Grant Summary Judgment on Plaintiff's Fifth Amendment Claim Against the City.

The City argues Plaintiff's Fifth Amendment claim against it fails as a matter of law because the Fifth Amendment applies to federal actors and the City is not a part of the federal government. The court agrees.

Section 1983 "is not itself a source of substantive rights" but provides "a method for vindicating federal rights elsewhere conferred[.]" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The Due Process Clause of the Fifth Amendment "governs the conduct of the *federal* government and *federal* employees[.]" *Balaber-Strauss v. Town/Vill. of Harrison*, 405 F. Supp. 2d 427, 435 (S.D.N.Y. 2005) (emphasis in original) (internal quotation marks and citation omitted); *see also Ambrose v. City of New York*, 623 F. Supp. 2d 454, 466 (S.D.N.Y. 2009) ("Because Plaintiff's lawsuit does not allege any deprivation of his rights by the federal government, any due process claim he has against the City is properly brought under the Due Process Clause of the Fourteenth Amendment, not under that of the Fifth Amendment.").

Because the City is not a part of the federal government, the City's motion for summary judgment on Plaintiff's Fifth Amendment claim is GRANTED. *See Ferry v. City of Montpelier*, 2023 VT 4, ¶ 45, 296 A.3d 749, 767 ("Municipalities in Vermont are created by the [Vermont] Legislature pursuant to express authority conferred by the [Vermont] Constitution[.]") (internal quotation marks and citations omitted).

### C.   Whether the Court Should Grant Summary Judgment on Plaintiff's Negligence Claim Against the City.

The City asserts Plaintiff's state law negligence claim is barred by the doctrine of municipal immunity because this claim arises out of the City's performance of a governmental function.

Vermont applies "the longstanding common-law doctrine of municipal immunity." *Civetti v. Turner*, 2020 VT 23, ¶ 7, 212 Vt. 185, 233 A.3d 1056, 1059. The Vermont

4

Supreme Court has held that "[m]unicipal immunity protects municipalities from tort liability in cases where the municipality fulfills a governmental rather than a proprietary function." *Sobel v. City of Rutland*, 2012 VT 84, ¶ 14, 192 Vt. 538, 543, 60 A.3d 625, 630 (internal quotation marks and citation omitted). "The rationale for this is that municipalities perform governmental responsibilities for the general public as instrumentalities of the state; they conduct proprietary activities only for the benefit of the municipality and its residents." *Lorman v. City of Rutland*, 2018 VT 64, ¶ 9, 207 Vt. 598, 605, 193 A.3d 1174, 1178 (internal quotation marks and citation omitted). "[P]olice work is a quintessential governmental function." *Decker v. Fish*, 126 F. Supp. 2d 342, 346 (D. Vt. 2000); *see also Franklin Cnty. Sheriff's Off. v. St. Albans City Police Dep't*, 2012 VT 62, ¶ 17, 192 Vt. 188, 196, 58 A.3d 207, 214 ("[T]he provision of police services . . . is a governmental function provided only by governmental entities for the benefit of the public.").

Because Plaintiff's negligence claim arises from the City's provision of police services, a governmental function, the City is entitled to municipal liability. *See Sage v. City of Winooski through Police Dep't*, 2017 WL 1100882, at *5 (D. Vt. Mar. 22, 2017). (holding that "the City's hiring, training and supervision of [a police officer] was a purely government function, and it cannot be held liable for his allegedly-tortious actions[]"). The City's motion for summary judgment on Plaintiff's negligence claim is thus GRANTED.

### D.   Whether the Court Should Grant Summary Judgment on Plaintiff's Request for Punitive Damages Against the City.

The City contends punitive damages are unavailable against it under federal and Vermont law. "Punitive damages are available in a § 1983 action 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Lee v. Edwards*, 101 F.3d 805, 808 (2d Cir. 1996) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Although punitive damages are intended to "punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct[,]"

*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266-67 (1981) (citations omitted), "an award of punitive damages against a municipality 'punishes' only the taxpayers, who took no part in the commission of the tort." *Id.* at 267. "For that reason, municipalities are generally immune from punitive damages." *Zhou v. Roswell Park Cancer Inst. Corp.*, 2021 WL 4272286, at *4 (W.D.N.Y. Sept. 21, 2021).

Under Vermont law, "[b]ecause the twin aims of punishment and deterrence are not served when punitive damages are levied against a population for the acts of its elected officials, municipal corporations cannot be held liable for punitive damages." *In re Town Highway No. 20*, 2012 VT 17, ¶ 72, 191 Vt. 231, 271, 45 A.3d 54, 80.

As punitive damages against a municipality are unavailable under federal and state law for Plaintiff's claims, the City's motion for summary judgment seeking dismissal as a matter of law of Plaintiff's punitive damages claim is GRANTED.

## CONCLUSION

For the foregoing reasons, the court GRANTS the City's motion for partial summary judgment. (Doc. 62.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 26th day of February, 2024.

Christina Reiss, District Judge
United States District Court